**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT |
| | : | OF PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GARY R. KLINGER | : | |
| | : | |
| Appellant | : | No. 319 MDA 2020 |

Appeal from the PCRA Order Entered December 12, 2019
in the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0002081-2008

BEFORE:    STABILE, J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 23, 2021**

Appellant, Gary R. Klinger, appeals from the December 12, 2019 order entered in the Court of Common Pleas of Dauphin County ("PCRA Court"), which dismissed as untimely his second petition for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.[1]  PCRA counsel has filed an ***Anders***[2] brief and an application to withdraw as counsel.  Upon review, we affirm and grant the application to withdraw.

---

[1] Appellant's underlying PCRA petition also collaterally attacked his convictions at docket number 4142 of 2008, which were part of his negotiated plea agreement with the instant docket number.  We note that Appellant has only filed a notice of appeal at docket number 2081 of 2008.

[2] Counsel filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967).  However, where counsel seeks to withdraw on appeal from the denial of PCRA relief, a ***Turner/Finley*** "no-merit letter" is the appropriate filing.  ***Commonwealth v. Reed***, 107 A.3d 137, 139 n.5 (Pa. Super. 2014) (citing ***Commonwealth      v. Turner***,   544   A.2d   927   (Pa.   1988);
*(Footnote Continued Next Page)*

*Retired Senior Judge assigned to the Superior Court.

The factual background of the instant appeal is not at issue. On April 7, 2009, Appellant pleaded guilty to two counts each of involuntary deviate sexual intercourse with a child, indecent assault of a person less than 13 years of age, indecent exposure, corruption of minors, and unlawful contact with a minor, and 42 counts of sexual abuse of children – child pornography,[3] pursuant to a negotiated plea agreement.[4] On August 20, 2009, the plea court imposed an aggregate sentence of 9 to 18 years of incarceration and a concurrent 10-year term of probation. Appellant was classified as a sexually violent predator (SVP) and subjected to lifetime registration as a sex offender.

After sentencing, Appellant did not request to withdraw his plea or file a direct appeal. Accordingly, Appellant's judgment of sentence became final on or about September 19, 2009.

_(Footnote Continued)_ ——————————

**Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (_en banc_)). Nevertheless, our practice in these situations is to accept counsel's **Anders** brief and determine whether it substantially complies with the **Turner**/**Finley** criteria. **See Commonwealth v. Widgins**, 29 A.3d 816, 819 (Pa. Super. 2011).

On February 10, 2021, this Court denied counsel's petition to withdraw and directed counsel to send a copy of the letter, petition to withdraw, and **Anders** brief to Appellant with amended certificates demonstrating proper service on Appellant and the Commonwealth. Counsel has complied and this case is now ready for review.

[3] 18 Pa.C.S.A. §§ 3123(b), 3126(a)(7), 3127, 6301, 6318, and 6312(d), respectively.

[4] As part of the plea agreement, Appellant also pleaded guilty at docket number 4142 of 2008 to 54 counts relating to child pornography.

Appellant filed his first PCRA petition in 2010. The PCRA court appointed counsel, who filed a motion to withdraw as counsel and withdraw Appellant's petition at Appellant's request. The PCRA court granted counsel's motion.

Appellant filed the instant PCRA petition, his second, on February 26, 2018, challenging the legality of his sentence, sex offender registration, and SVP classification. Appellant asserted his petition was timely filed pursuant to Section 9545(b)(1)(iii).[5] Specifically, he relied on our Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), which held that the registration and reporting provisions of the Sex Offender Registration and Notification Act are punitive, and retroactive application of these provisions is unconstitutional. The PCRA court appointed counsel, who filed a supplemental PCRA petition at the direction of the PCRA court. Finding that neither our Supreme Court nor the United States Supreme Court has held the right recognized in **Muniz** applies retroactively, the PCRA

---

[5] This subsection provides as follows.

> Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that … the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(iii).

court concluded that *Muniz* could not be relied upon to satisfy Section 9545(b)(1)(iii). *See* PCRA Court Opinion, 11/18/2019, at 3-6. Thus, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. On December 12, 2019, the PCRA court dismissed Appellant's petition as untimely filed.

Appellant did not file a notice of appeal. Instead, on January 17, 2020, Appellant filed a petition for reinstatement of his PCRA appellate rights *nunc pro tunc*. According to the reinstatement petition, the PCRA court's November 18, 2019 notice of intent to dismiss and December 12, 2019 dismissal orders were mailed to Appellant's prison address. However, Appellant had been released in June 2019,[6] and thus did not receive notice of the court's dismissal and could not direct counsel to file a notice of appeal. The PCRA court granted the petition to reinstate Appellant's PCRA appellate rights *nunc pro tunc*.[7]

---

[6] Although released from prison, Appellant remains on parole. In that regard, he is eligible to seek PCRA relief. 42 Pa.C.S.A. § 9543(a)(1)(i).

[7] Appellant's petition to reinstate was a subsequent PCRA petition subject to the timeliness requirements of the PCRA. *See Commonwealth v. Fairiror*, 809 A.2d 396, 397 (Pa. Super. 2002). Within his petition to reinstate, Appellant argued that he had not received the PCRA court's notice of intent to dismiss or dismissal orders, thereby invoking the newly-discovered fact exception set forth in Section 9545(b)(1)(ii). Appellant's petition was filed within one year of his learning of the PCRA court's orders. Therefore, the petition to reinstate was timely filed under the PCRA, and the PCRA court had jurisdiction to reinstate Appellant's PCRA appellate rights *nunc pro tunc*.

On February 19, 2020, Appellant filed the instant appeal. Both Appellant and the PCRA court complied with Pennsylvania Rule of Appellate Procedure 1925. As noted above, counsel has filed an **Anders** brief and petition to withdraw as counsel. Appellant's counsel raises a single issue of arguable merit for our review: "Did the [PCRA] court err in dismissing the Appellant's Post-Conviction Relief Act Petition as untimely when the Appellant raised a legitimate exception to the one-year filing requirement under 42 Pa.C.S.A. § 9545(b)(1)(iii)?" **Anders** Brief at 4. Appellant has not filed a response.

Before we may consider this issue, we must address whether PCRA counsel has met the requirements of **Turner**/**Finley**. For PCRA counsel to withdraw under **Turner**/**Finley** in this Court:

(1) PCRA counsel must file a no-merit letter that details the nature and extent of counsel's review of the record; lists the appellate issues; and explains why those issues are meritless.

(2) PCRA counsel must file an application to withdraw; serve the PCRA petitioner with the application and the no-merit letter; and advise the petitioner that if the Court grants the motion to withdraw, the petitioner can proceed *pro se* or hire his own lawyer.

(3) This Court must independently review the record and agree that the appeal is meritless.

**See Commonwealth v. Widgins**, 29 A.3d 816, 817-18 (Pa. Super. 2011) (citing or quoting **Turner**, **Finley**, **Commonwealth v. Pitts**, 981 A.2d 875

(Pa. 2009), and ***Commonwealth v. Friend***, 896 A.2d 607 (Pa. Super. 2008), ***overruled in part by Pitts***).

We find that PCRA counsel has complied with ***Turner/Finley***. PCRA counsel has filed an application to withdraw and filed a ***Turner/Finley*** no-merit letter. Finally, PCRA counsel informed Appellant of his right to hire a new lawyer or file a *pro se* response.

We now address whether this appeal is indeed meritless. "On appeal from the denial of PCRA relief, our standard of review requires us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." ***Widgins***, 29 A.3d at 819. As this Court has explained:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Before we may address the merits of this appeal, however, we must determine whether the PCRA court had jurisdiction to entertain the

underlying PCRA petition. The PCRA contains the following restrictions governing the timeliness of any petition filed under the PCRA.

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b). Section 9545's timeliness provisions are jurisdictional. *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014). Additionally, we have emphasized repeatedly that "the PCRA confers no

authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

Here, the record reflects that Appellant failed to file a direct appeal. Thus, his judgment of sentence became final on or about September 19, 2009. Appellant's instant petition is facially untimely as he did not file it until February 26, 2018.

The one-year time limitation, however, can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Here, Appellant invoked the time-bar exception set forth at Section 9545(b)(iii) based on ***Muniz***. However, this Court has held that "the ***Muniz*** decision does not allow a petitioner to escape the PCRA time-bar as it does not satisfy the newly-recognized constitutional right exception as set forth in Section 9545(b)(1)(iii)." ***Commonwealth v. Hromek***, 232 A.3d 881, 885 (Pa. Super. 2020).

> [T]his Court has declared that, "***Muniz*** created a substantive rule that retroactively applies in the collateral context." ***Commonwealth v. Rivera-Figueroa***, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's PCRA petition is untimely (unlike the petition at issue in ***Rivera-Figueroa***), he must demonstrate that the Pennsylvania Supreme Court has

held that *Muniz* applies retroactively in order to satisfy [S]ection 9545(b)(1)(iii). ***See Abdul-Salaam*, *supra*.** Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on *Muniz* to meet that timeliness exception.

*Id.* at 886 (quoting ***Commonwealth v. Murphy***, 180 A.3d 402, 405-06 (Pa. Super. 2018)).

To date, our Supreme Court has not recognized that the new constitutional right announced in *Muniz* applies retroactively in the collateral context. Appellant, therefore, cannot rely on *Muniz* to satisfy Section 9545(b)(1)(iii). Accordingly, because Appellant's PCRA petition was untimely filed and he failed to plead and prove a timeliness exception, the PCRA court did not err in dismissing Appellant's petition as untimely.

We conclude this appeal is meritless. Therefore, we affirm the PCRA court's December 12, 2019 order dismissing Appellant's PCRA petition as untimely.

Order affirmed. Application to withdraw granted.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/23/2021